RAMONA RIVERA DE VALLEJO, ETC., ET AL., Appellants, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 208. Argued October 21, 1940.—Decided November 18, 1940.

*R. Calderón Rodríguez* for appellants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Herminio Vallejo died on September 17, 1939, as a result of several gun-shot wounds inflicted upon him by Eduardo Font Pacheco, on the day before.

Ramona Rivera, widow of Vallejo, mother of Herminio, and other persons who alleged to be dependent upon him for support, filed a claim for compensation on the ground that the death was due to a labor accident.

On November 2, 1939, the Manager of the State Insurance Fund ordered the closing and filing away of the case as he considered that the same was not covered by the Workmen's Compensation Act. He stated the facts as follows:

". . . From the investigation made . . . it appears that Vallejo sometime previously had had a most serious quarrel with Eduardo Font Pacheco, also an Inspector of Health and Chief of the District of Humacao. On the day in question, Herminio Vallejo had an altercation with Font Pacheco in front of the offices of the Health Department, and he struck the latter with his fist. They both drew out their revolvers and Vallejo was killed in the fight.—From the facts it appears that Vallejo struck first."

The claimants appealed to the Industrial Commission before which the proper hearing was held on April 11, 1940. On August 26th following, the commission rendered its decision, which contains a detailed study of the facts, the law, and the applicable jurisprudence, and it upheld the ruling of the manager. A reconsideration was sought, but it was denied.

Thereupon the present proceeding for review was instituted in this court. It is urged that:

"The main fact which must be borne in mind in deciding this case is, that at the time Inspector Vallejo was killed in the Health Department, he was discharging the duties pertaining to his office and that the occurrence which gave rise to the quarrel was that on a former occasion, in the discharge of his official duty, he had reported Font, his coemployee, to the Health Department (stenographic transcript, p. 25), which brought about the circular letter of April 22, 1939, No. 2905 (stenographic transcript, pp. 50 and 58)."

We have examined the petition which contains twenty-four typewritten pages, and the documents exhibited there-

with, and in our judgment there is no ground to justify the review sought.

The commission, in its decision, after making a detailed statement of the evidence said:

"The evidence shows that Font Pacheco and Vallejo went out of the building where the central offices of the Insular Department of Health are located and once they were in the street they started an argument. What did they argue? We really do not know. What the evidence shows is that Vallejo in an unexpected way struck Font Pacheco in the face with his fist; that Font Pacheco staggered at the impact of the blow inflicted on him by Vallejo; that when Font recovered his balance, Vallejo made a gesture as if to pull out his revolver; that Font hastened to pull out his in order to defend himself, fired a shot, and mortally wounded him. —The evidence is not convincing as to whether any matter connected with the work of both had been the moving cause of the assault of which one was the victim or of the death which overtook the other. Both were employees of the Health Department and were under the direction and control of their chief in said Department.—What the evidence shows is that Vallejo was the one who provoked the tragedy by first striking Font Pacheco in the face. —It is reasonable to think that if Vallejo had not assaulted Font, the unfortunate event would not have occurred.—It is alleged by the petitioners that the death of Herminio Vallejo is a compensable accident in accordance with Act No. 45 of April 18, 1935.—The evidence introduced by the petitioners fails to show that Vallejo lost his life by reason of an accident arising from any act or function inherent on his work or employment or that it arose out of and in the course of the same. . . . The evidence, we repeat, shows that Vallejo provoked the assault."

The commission, then, ascertained the facts by weighing the evidence, and there is nothing to show that in so doing it acted moved by passion, prejudice, or partiality, or that it committed manifest error. The evidence was set forth in detail, not only in the decision of the commission, as we have already stated, but also in the very petition for review of the claimants, and to our mind it amply supports the conclusions reached by the commission.

Taking those conclusions as a basis, we fail to see that any error of law has been committed. Even if it were to be conceded that Vallejo and Font had had previous quarrels by reason of the watch kept by Font over the work of Vallejo and of the complaints filed by Font against Vallejo, the same conclusion would have to be reached in view of the manner in which the event took place.

The case comes within the doctrine laid down in *Triangle Auto Paint. Co.* v. *Indus. Com.*, 346 Ill. 609, 618, 178 N.E. 886.

In the cited case, Kolnick, a workman employed in a paint shop received an injury growing out of a fight with a fellow employee, Duncan. The altercation and fight originated in the shop, during working hours, and arose from the fact that Duncan wanted to use a spray gun which had been entrusted to Kolnick. It seems that the latter was the aggressor.

The Industrial Commission held the accident to be compensable and its decision was affirmed by the Circuit Court of Cook County. Upon the case being appealed to the Supreme Court of Illinois, that court reversed the decision appealed from, saying: ·

"Injuries compensable are those arising out of the conditions under which the employee is required to work and may properly include injuries arising out of a fight in which the injured employee was not the aggressor, when the fight was about the employer's work in which the employees were then engaged, but it is not within the intent of the act that an employee be protected against the consequences of·a fight in which he was the aggressor though the fight be over matters of his employer's work in which such employees are then engaged. The risk of injury in such a case can not be said to be incidental to the employment but rather the result of such employee's own rashness.

"While it is the purpose of this court· to give a liberal construction to the Workmen's Compensation Act, to the end that the employee may receive its full benefit, yet we are of the opinion that it would be going beyond the letter and spirit of the act to hold that an injury received by a deliberate aggressor in an assault either arises directly out of the employment or is an incident thereto.

We are of the opinion, therefore, that defendant in error is not entitled to compensation and that the circuit court erred in so holding. The judgment of that court is reversed and the award set aside."

The petition for review must be denied.